UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ARLENE V. KIMBLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:11-cv-0826-SEB-DML |
| | ) | |
| POSTMASTER GENERAL, | ) | |
| in his official capacity, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry and Order Dismissing Action**

Arlene V. Kimble ("Kimble") has mustered a handful of statutory claims for discrimination arising out of her former employment with the United States Postal Service. The proper defendant in this action is Postmaster General Patrick R. Donahoe ("Postmaster General").

The Postmaster General has filed a motion to dismiss. Kimble has not responded to the motion but nonetheless seeks a ruling on it. Kimble's request for a ruling [29] is **granted**. The Postmaster General's motion to dismiss [13] is likewise **granted**.

**Discussion**

Kimble alleges employment discrimination in her complaint. The Postmaster General has filed a motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the *Federal Rules of Civil Procedure.*

"A court faced with a motion to dismiss pursuant to both Rule 12(b)(1) and 12(b)(6) must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction." *Magee v. Nassau Cnty. Med. Ctr.,* 27 F.Supp.2d 154, 158 (E.D.N.Y. 1998).

As to the specific claims here, the proper analysis of each is as follows:

- Kimble claims she was injured on the job while working for the Postal Service. Claims brought pursuant to the Federal Employee's Compensation Act ("FECA") are dismissed for lack of subject matter jurisdiction. A federal employee's exclusive avenue of redress against the Government for her work-related injuries is the FECA. *Lockheed Aircraft Corp. v. United States,* 460 U.S. 190, 193-94 (1983); *Ezekiel v. Michel,* 66 F.3d 894, 898 (7th Cir. 1995); see also *Kannaby v. U.S. Army Corps of Engineers,* 53 F. App'x 776, 778 (7th Cir. 2002). However, it is the Secretary of Labor, not a court of law, which decides claims brought under FECA. The Secretary's decision is final and is not subject to judicial review. *See Ezekiel,* 66 F.3d at 898 (district court lacks subject matter jurisdiction over federal employee's FECA claim); 5 U.S.C. § 8128(b).

- The FECA is the exclusive avenue of redress against the United States for Kimble's work-related injuries. *Ezekiel,* 66 F.3d at 898. In enacting FECA, Congress guaranteed federal employees "the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government." *Lockheed Aircraft Corp.*, 460 U.S. at 193-94. The FECA is the exclusive remedy for injuries falling within its coverage. See 5 U.S.C. § 8116(c).The Federal Tort Claims Act (28 U.S.C. § 2679) claims are thus preempted by the FECA.

- The United States Postal Service is a federal agency. The Americans with Disabilities Act (42 U.S.C. § 12101) ("ADA") excludes the United States from its definition of a "covered entity." See 42 U.S.C. § 1983 U.S.C. §§ 12111(2) & 12111(5)(B)(I) (stating that the employer does not include the United States). "[T]he ADA does not apply to federal agencies . . . ." *Dyrek v. Garvey,* 334 F.3d 590, 597 n.3 (7th Cir. 2003). The ADA claim is dismissed for lack of jurisdiction because of the United States' sovereign immunity. *United States v. Sherwood,* 312 U.S. 584, 586 (1941)("The United States, as sovereign, is immune from suit save as it consents to be sued.").

- Kimble claims she was retaliated against in violation of the Family and Medical Leave Act (29 U.S.C. § 2601, et. al.) ("FMLA") when she was issued a letter of suspension that was reduced to a letter of warning, a letter of suspension that was rescinded, and a letter of warning. To state a claim of

retaliation Kimble must allege that she suffered an adverse employment action on account of her protected activity. *Silverman v. Bd. of Educ. of City of Chicago*, 637 F.3d 729, 740-41 (7th Cir. 2011). None of the previously mentioned letters are adverse employment actions, such as would support her FMLA claims. *Jones v. Res-Care, Inc.*, 613 F.3d 665, 671 (7th Cir. 2010) ("[T]his Court has previously held that 'unfair reprimands or negative performance evaluations, unaccompanied by some tangible job consequence, do not constitute adverse employment actions.'" (quoting *Grube v. LauIndus.*, Inc., 257 F.3d 723, 729 (7th Cir. 2001)). In addition, Kimble filed her FMLA claims beyond the two year statute of limitations and her claims are thus time-barred and must be dismissed. 29 U.S.C. § 2617(c)(1). Kimble's FMLA claims are dismissed.

- Federal employees cannot maintain suits under 42 U.S.C. § 1981 against the United States. *Brown v. Gen. Serv. Admin.*, 425 U.S. 820, 829 (1976). Instead, Title VII (discussed below) "provides the exclusive remedy for employment discrimination claims of those federal employees that it covers." *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 376 (1979). Any claim Kimble asserts pursuant to § 1981 is dismissed.

- Title VII (42 U.S.C. § 2000, et seq.) claims are dismissed because Kimble is judicially estopped from bringing those claims. On June 7, 2008, Kimble filed an EEO administrative complaint contending that the Postal Service violated Title VII, the ADEA, and the Rehabilitation Act. With the exception of the June 7, 2009, letter of warning, her EEO administrative complaint concerned the same facts as she brings in this action. At the same time she was pursuing these claims against the Postal Service, she filed a Chapter 7 bankruptcy petition on September 23, 2008. Under § 541 of the Bankruptcy Code, all of a debtor's property, including legal claims, become part of the bankruptcy estate at the time the petition is filed. See 11 U.S.C. § 541(a)(1); *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006). However, Kimble did not list her EEO claim in her bankruptcy schedules or in her subsequent amended Schedule B to her bankruptcy petition. A debtor who conceals claims in a bankruptcy proceeding is judicially estopped from later recovering on those claims. *Cannon-Stokes*, 453 F.3d at 448-49. That is the case here.

## Conclusion

Kimble's failure to respond to the motion to dismiss risked an adverse ruling. *Kirksey v. R.J. Reynolds Tobacco Co.,* 168 F.3d 1039, 1042 (7th Cir. 1999) ("If [judges] are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning."); *see also County of McHenry v. Ins. Co. of the*

*West,* **438 F.3d 813, 818 (7th Cir. 2006)** ("When presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action.") (internal quotations omitted). That risk has become a reality.

The defendant's motion to dismiss is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 05/18/2012

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

**Distribution:**

Arlene V. Kimble
P.O. Box 40911
Indianapolis, IN 46240

All Electronically Registered Counsel